IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTOPHER PROSSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 98-6097-CV-FJG |
| | ) |
| DAVE WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court are several motions filed by plaintiff. The Court will address each of the motions in turn.

**1. Plaintiff's Request for Contempt Citations Against Attorney Generals Bullock, Mollenkamp, Fields and the Crossroads Custodian of Records or in the Alternative for a Default Judgment.**

Plaintiff states in his motion that on December 15, 2000, the Court directed service of a subpoena duces tecum on the Custodian of Records of the Crossroads Correctional Center. Plaintiff states that the subpoena directed the production of all photographs of the plaintiff but that the defendants have failed to produce such photos. Plaintiff states that he has requested the photos so that he can have them enlarged for the benefit of the jurors. However, on September 25, 2002, the Court granted defendant's Motion for Summary Judgment. Therefore, plaintiff's Request for Contempt Citations or Alternatively for a Default Judgment (Doc. # 300) is hereby **DENIED** as **MOOT**.

2. **Plaintiff's Motion to Strike: Defendants' Objections to Plaintiff's Jury Instructions; Defendants' Response to Plaintiff's Motions in Limine; Defendants' Response to Plaintiff's Trial Brief and Defendants' Objections to Plaintiff's Proposed Voir Dire Questions**

Plaintiff states that the defendants filed a motion for extension of time to file "other documents" outside of the time frame indicated in the Court's Scheduling Order and that without waiting for the Court's ruling on the motion for extension defendants filed the above referenced documents. Plaintiff states that the Court issued an order denying the motion for extension of time and thus the untimely pleadings should be stricken from the record. As noted above, on September 25, 2002, the Court issued an Order granting the defendants' Motion for Summary Judgment. Therefore, the Court hereby **DENIES** as **MOOT** Plaintiff's Motion to Strike (Doc. # 301).

3. **Plaintiff's Motion to Alter or Amend the Judgment Under Fed.R.Civ.P. 59(e) Plaintiff's First Amended Motion to Alter or Amend the Judgment**

On October 1, 2002, plaintiff filed a Motion to Alter or Amend the Judgment stating that on September 19-20, 2002, twelve days before the jury trial in this case was scheduled to commence the District Court apparently participated in ex parte communications with the defendants and granted summary judgment while ignoring each piece of the plaintiff's evidence filed in the case. Plaintiff then proceeds to reargue the merits of his case and attached to his Motion several additional exhibits. On October 7, 2002, plaintiff filed a First Amended Motion to Alter or Amend the Judgment.

Defendants argue in response that plaintiff cannot raise new arguments in a Fed.R.Civ.P. 59(e) motion, that plaintiff's inadmissible exhibits do not defeat summary

judgment, plaintiff's affidavits are not based on personal knowledge and that Corrections Department policies cannot form the basis for a § 1983 claim.

In Peters v. General Service Bureau, Inc., 277 F.3d 1051 (8th Cir. 2002), the Eighth Circuit stated that "[a]rguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion." Id. at 1057. See also, Moysis v. DTG Datanet, 278 F.3d 819, 829 n.3 (8th Cir. 2002)(same). The Court after reviewing plaintiff's Motion finds that there is no reason the additional information and exhibits could not have been presented in conjunction with his suggestions in opposition to the Motion for Summary Judgment. Additionally, the Court rejects plaintiff's assertion that there was ex parte communication between the Court and the defendants which resulted in the granting of the motion for summary judgment. The Court considered and ruled on the motion based solely on the written pleadings submitted by the parties. Therefore, because these arguments and evidence could have been presented earlier, the Court hereby **DENIES** plaintiffs' Motion to Alter or Amend the Judgment (Doc. # 302) and Plaintiff's First Amended Motion to Alter or Amend the Judgment (Doc. # 303).

**4.     Motion to Proceed In Forma Pauperis on Appeal**

> The rules governing leave to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24(a). If the affidavit of indigency supports a claim of poverty, the appeal is not taken in bad faith, and the action is not frivolous, leave shall be granted.

Mann v. Frank, No. 90-1122-CV-W-5, 1992 WL 219800, *2 (W.D.Mo. 1992).

Fed.R.App.P. 24(a) states:

3

> Except as stated in Rule 24(a)(3), a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

In the instant case, while plaintiff has filed a Notice of Appeal, he has not filed a financial affidavit showing his inability to pay or to give security for fees and costs. This would be sufficient basis for denial of the motion. However, the Court has reviewed plaintiff's Notice of Appeal which lists the grounds of appeal and the Court finds that the appeal is not taken in good faith. Therefore, the Court hereby **DENIES** plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. # 304).

**5.     Plaintiff's Motion to Strike the Defendants' Response to Plaintiff's First Amended Motion to Alter or Amend the Judgment or Alternatively Plaintiff's Reply**

Plaintiff moves to Strike the Defendants' Response stating that it was filed out of time. Plaintiff states that his First Amended Motion under Rule 59(e) was filed on September 28, 2002 and that the defendants' response was not filed until October 22, 2002, over thirteen days out of time. Plaintiff states that the defendants did not seek an extension of time and thus the document should be stricken.

Defendants in opposition argue that although plaintiff may have mailed his motion on September 28, 2002, it was not filed with the Court until October 7, 2002. Thus, they argue that they were not required to respond to the motion until it was actually docketed with the Court. Additionally, defendants argue that plaintiff only served upon them a copy of the motion and did not provide them with copies of any of the exhibits to the motion or

4

to the amended motion.  Additionally, defendants argue that if they were out of time it was by a single day and plaintiff suffered no prejudice as a result.  The Court agrees and finds that although defendants were one day late in filing their response, plaintiff suffered no prejudice.  Therefore, plaintiff's Motion to Strike Defendant's Response is hereby **DENIED** (Doc. # 308).

6.      **Motion to Withdraw As Counsel**

Joshua R. Bullock, counsel for the defendants filed a motion to withdraw.  For good cause shown and with no opposition indicated, the Motion to Withdraw is hereby **GRANTED** (Doc. # 309).

7.      **Plaintiff's Request for An Evidentiary Hearing or Alternatively for An Order Directing the Defendants to Stipulate to the Authenticity of All Plaintiff's Exhibits Attached to His Rule 59(e) Motion and First Amended Motion Under Rule 59(e).**

Plaintiff states that he had previously sought leave of Court to depose a plethora of state employees who could have authenticated all of his exhibits, but the Court denied this request.  Plaintiff also states that the Court issued a blanket protection order which prohibited plaintiff from timely discovering all of the relevant and material documents necessary.  Plaintiff states that the defendants in their response to his Rule 59(e) motion have made fallacious allegations regarding the authenticity of his exhibits, but have not included any affidavits which disprove or question the authenticity of these documents. Plaintiff states that since the exhibits clearly illustrate perjury of the state's witnesses which the Court relied upon to grant summary judgment, the Court must hold an evidentiary hearing in order to provide plaintiff with his Due Process right to prove his

5

claim through the live testimony of the authors of these exhibits.

As the Court has already issued an Order granting defendants' Motion for Summary Judgment and plaintiff has offered no reason that these exhibits could not have been authenticated prior to ruling on the motion for summary judgment, the Court hereby **DENIES** the Motion for an Evidentiary Hearing as **MOOT** (Doc. # 311).

8. **Plaintiff's Motion to Strike Defendants' Suggestions in Opposition to Plaintiff's Motion to Strike and Defendants' Motion to Extend Time.**

Plaintiff argues that he served on the defendants copies of all exhibits which were attached to his motion to alter or amend, prior to the filing of the motion with the Court. Secondly, plaintiff argues that the defendants' response to his Rule 59(e) motion was due by October 13, 2002 not October 22, 2002. Finally, plaintiff states that he will be prejudiced if the defendants are granted an extension of time to file their response.

Defendants argue that the exhibits which the plaintiff served upon them were not the pages which he filed with the Court but refer instead to the documents which plaintiff provided in his response to their request for production. Defendants' counsel state that they should not be forced to wade through 1,000 to 1,500 pages of documents to find the handful of exhibits on which plaintiff actually relies. Defendants also dispute plaintiff's assertion that the deadline for their response was weeks earlier. Finally, defendants argue that plaintiff has not demonstrated any prejudice from a one day extension of time.

Plaintiff's Motion to Strike Defendant's Suggestions in Opposition is hereby **DENIED** (Doc. # 314), as it is mooted by the Court's ruling on the motion for summary judgment and for the reasons cited by defendants, which the Court adopts.

6

**9.    Plaintiff's Motion Under Rule 60(b)**

Plaintiff again reiterates in his Fed.R.Civ.P. 60(b) motion that the Court participated in ex parte communications with the defendants and accepted some sort of a proposed summary judgment order from the defendants and ignored each piece of plaintiff's evidence.  Plaintiff then proceeds yet again to argue the merits of his case.

Fed.R.Civ.P. 60(b) states in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff does not specify which subdivision of Rule 60(b) he is relying upon. However, the Court assumes that he is relying on the fraud provision as he cites this throughout his motion[1].  Rule 60(b) " 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" Sanders v. Clemco Indus., 862 F.2d 161, 169 n. 14 (8th Cir. 1988)(quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)(per curiam), cert. denied, 484 U.S. 836 (1987)).  "Rule 60(b) 'is not a vehicle for simple reargument on the merits.' Broadway v. Norris, 193 F.3d

---

[1] In his reply suggestions, plaintiffs also asserts newly discovered evidence as a basis for his motion.  However, in the motion plaintiff does not discuss what this newly discovered evidence is, thus the Court did not address this ground.

7

987, 990 (8th Cir. 1999). Thus, 'a motion to reconsider' pursuant to Rule 60(b) is properly denied, for example, where the movant 'd[oes] nothing more than reargue, somewhat more fully, the merits of their claim.'" Murray v. Solidarity of Labor Organization Intern. Union Benefit Fund, 172 F.Supp.2d 1155, 1162 (N.D. Iowa 2001). Additionally, in order "'[t]o prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case.'" Scot v. Apfel, 194 F.R.D. 655, 658 (N.D. Iowa 2000)(quoting, Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998)).

Other than suggesting that the Court engaged in ex parte communications with the defendants, plaintiff has presented nothing which would merit the granting of his motion. As previously discussed the Court engaged in no exparte conversations and the defendants did not submit any proposed summary judgment order. The remainder of plaintiff's motion contains the same arguments which plaintiff has previously asserted in Docs. # 302 and 303. Plaintiff has fallen far short of showing by clear and convincing evidence that his opponent engaged in a fraud or that his case presents exceptional circumstances which would entitle him to relief. For these reason, plaintiff's Motion Pursuant to Fed.R.Civ.P 60(b) is hereby **DENIED** (Doc. # 316).

**10.    Plaintiff's Request to Reinstate Claims Against Defendants Derickson and Williams**

Plaintiff requests leave to reinstate the claims against defendants Derickson and Williams which he had previously dismissed. Plaintiff states that he dismissed these

defendants in an attempt to negotiate a settlement of his claims, but the defendants failed to execute the settlement agreement.

Defendants oppose plaintiffs' request to reinstate the claims against Derickson and Williams noting that the Court had previously denied an identical request on September 25, 2002. Additionally, defendants note that as summary judgment has now been granted, there is no longer any case into which the claims can be reasserted. Defendants note that because the dismissal of these two defendants was without prejudice plaintiff can simply file a new lawsuit against these defendants if he wishes to pursue his claims against them.

As summary judgment has been granted, there is no longer a case for plaintiff to reinstate his claims in. Accordingly, plaintiff's Motion to Reinstate Claims Against Defendants Derickson and Williams is hereby **DENIED** (Doc. # 317).

**11.    Plaintiff's Second Request For An Evidentiary Hearing or Alternatively For An Order Directing the Defendants to Stipulate to the Authenticity of All Plaintiff's Exhibits Attached to His Rule 59(e) Motion, First Amended Rule 59(e) Motion and All Other Exhibits**

Plaintiff in his motion moves for an immediate evidentiary hearing in order to authenticate all of his exhibits and to evidence the perjury and fraud of the defendants. Alternatively, plaintiffs requests that the defendants be ordered to stipulate to the authenticity of each of the exhibits attached to his Rule 59(e) motion, Rule 60(b) motion and First Amended Rule 60(b) motion.

Plaintiff's Request for a Second Evidentiary Hearing is hereby **DENIED** (Doc. # 322), as plaintiff has failed to assert any new or additional grounds which would entitle

9

him to a hearing since his original motion for an evidentiary hearing was filed on October 31, 2002.


Date: March 7, 2003    **S/ FERNANDO J. GAITAN, JR.**

Kansas City, Missouri    Fernando J. Gaitan, Jr.
United States District Judge

10