# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PROSSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 98-6097-CV-SJ-2 |
| | ) | |
| DAVE WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PROPOSED VOIR DIRE

Defendants request the Court to question the jury panel about the subjects covered in the following questions, either by reading the questions directly or by rephrasing them in the Court's own language.

1. Individual questions of each prospective juror:

    a. name;
    b. address;
    c. marital status;
    d. number and ages of children;
    e. panel member's occupation and employer;
    f. spouse's occupation and employer;
    g. church affiliation, if any;
    h. club memberships or civil interests.

    If any of you have ever served on a jury in either state or federal court before, please explain whether the case was civil or criminal, the nature of the case, when and where the trial was had, and what the result of the trial was.

2. Has any panel member, relative, or close acquaintance ever been sued in court? If so, please describe the nature of the claim and the result of the suit, including whether payment was made to settle or damages were awarded.

3.  Has any panel member, relative, or close acquaintance ever filed a lawsuit? If so, please describe the nature of the claim and the result of the suit, including whether payment was received in settlement or damages were awarded.

4.  The attorneys for the defendants are Ryan Bertels and Mike Pritchett of the Missouri Attorney General's Office. They are being assisted by Lori Knaebel, a paralegal. A number of other attorneys and staff too numerous to mention work for the Attorney General's office. Does anyone on the panel know Ryan Bertels, Mike Pritchett, Lori Knaebel, or any other attorney or staff member who works for the Attorney General's Office either personally or by reputation? If so, explain the circumstances.

5.  The attorney for plaintiff is Phillip Gibson of the Public Interest Litigation Clinic. A number of other attorneys work for this firm. Does any panel member know Phillip Gibson or any member of the Public Interest Litigation Clinic, either personally or by reputation? If so, explain the circumstances.

6.  Defendants in this case are Meredith Allen-Wells, Kimberly Swindler-Thorne, and Victor Bruhn, current and former employees of the Missouri Department of Corrections. Does anyone know Meredith Allen-Wells, Kimberly Swindler-Thorne, and Victor Bruhn, or anyone else who works for the Missouri Department of Corrections? If so, explain the circumstances.

7.  Christopher Prosser is the plaintiff in this case. At the time of the incidents in this lawsuit, Christopher Prosser was an inmate in the custody of the Missouri Department of Corrections. Does any panel member know Christopher Prosser? If so, explain the circumstances.

8. The parties to this case may call one or more of the following people as witnesses: *[name the likely witnesses]*. Does anyone know any of these people? If so, please explain the circumstances.

9. Is any panel member acquainted with any other members of this jury panel? If so, please explain who and the nature of the acquaintance.

10. Christopher Prosser claims in this case that the defendants violated his constitutional rights by failing to protect him from an attack by two inmates at Crossroads Correctional Center. The defendants deny these allegations. Knowing this brief background information, is there anything about this case which makes anyone believe they cannot be fair and impartial in this case?

11. Christopher Prosser, as plaintiff in this case, has the burden of proving his allegations to you. Does anyone believe that Christopher Prosser should not be responsible for the burden of proving his allegations to be true?

12. This trial will last approximately three to four days. Does anyone have a reason why their service on the jury would be a hardship.

13. Does anyone have any physical problems, such as hearing loss, which would make service on the jury difficult?

14. Has any panel member, relative, or close acquaintance ever worked for the government? If so, please describe: (1) what the position is (or was); (2) whether it is (or was) with the state or federal government; and (3) when the position was held.

15. Has any panel member, relative, or close acquaintance ever been a law enforcement officer? If so, who did so, what was the job, and did you ever talk with this person about that job

16. Has any panel member, relative, or close acquaintance ever worked for the Missouri Department of Corrections? If so, who did so, what was the job, and did you ever talk with this person about that job

17. Has any panel member, relative, or close acquaintance ever had business dealings with the Missouri Department of Corrections? If so, please describe the circumstances.

18. Has any panel member, relative, or close acquaintance ever worked at a jail, prison, of any other type of correctional facility?

    a. who?
    b. where?
    c. what position?
    d. How often do you have contact with this person.
    e. How often do you and this correctional facility employee talk about his or her position?

19. Do you have any family members or friends who are or have been incarcerated, jailed, or given probation for a violation of law?

    a. when?
    b. where?
    c. for how long?
    d. have you or did you maintain communications with that person, either during or after incarceration, by writing, telephone, or personal visits?
    e. have you discussed this person's experiences while incarcerated?

20. Have you, your family members, or your close acquaintances ever been a victim of crime? If so, please explain the circumstances, including whether the offender was caught.

21. Has any panel member, relative, or close acquaintance ever had a dispute with the federal government, with the government of Missouri or any other state, with any local governmental body, or with an official of the federal, state, or local government? If so, please describe the circumstances.

4

22. Has any panel member, relative, or close acquaintance ever felt wronged, or taken advantage of by some government agency, local, state or federal, or by some governmental employment?

23. Has any panel member, relative, or close acquaintance ever had a bad experience with some government agency, local, state, or federal, or with some governmental employee?

24. Does any panel member hold any beliefs concerning federal, state, or local governments that might prevent you from being impartial to the government body defendant in this case? If so, please identify the beliefs.

25. Is any panel member, relative, or close acquaintance currently or formerly a member of, or associated with, any organization committed to the advocacy of the rights of any particular group in society (e.g., American Civil Liberties Union, Common Cause, NAACP, American Indian Movement, AARP, Moral Majority, Christian Coalition, television ministries? If so, please identify the group.

26. Does any panel member believe that police officers or other law enforcement officers have too much power or that they often violate the rights of citizens in the course of investigations or other police work?

27. Has any panel member, relative, or close acquaintance ever had an experience with a law enforcement officer or a corrections officer in which you believe the officer acted inappropriately? If so, please describe the circumstances.

28. Does any member of the panel have any experience owning a business or managing a unit of a business or governmental body? If so, please describe the circumstances.

5

29. Has any member of the panel ever studied extensively in the area of counseling, social work, sociology, or psychology? If so, please describe your studies.

30. Has any panel member ever made a study of prisons? If so, please describe your study.

31. Does any panel member, relative, or close acquaintance belong to any organization that advocates prison reform or leniency for persons convicted of crimes? If so, please tell us which organization and your involvement.

32. Has any panel member ever toured or visited a prison or jail? If so, please describe your experience.

33. Does any panel member, relative, or close acquaintance belong to or participate in any prison ministry? If so, please describe the circumstances.

34. Has any panel member, relative, or close acquaintance ever studied or been employed in the medical field, including training or experience as a doctor; a registered nurse; a licensed practical nurse; a medical technician; a nursing home employee; an employee in a medical office, hospital or clinic; or a paramedic.

35. Has any panel member, relative, or close acquaintance ever received legal training of any kind?

36. Is there any member of the panel who has any training, experience, or special knowledge concerning security measures for the protection of people or property?

37. This case involves an allegation that the plaintiff was assaulted by other prison inmates while they were both incarcerated. The testimony may involve graphic descriptions of violent incidents. Will this sort of testimony cause you particular difficulty if you are chosen as a juror?

6

38. You will hear testimony from prison officers that prisons, due to the very nature of the people confined there, are dangerous places and that, regardless of how careful they are, they cannot prevent all violent incidents. Do any of you believe that prison officers should be able to prevent all violent incidents between prisoners?

39. Do any of you believe that prison officers assigned to a particular area of a prison can stop all inmate assaults from occurring within their area?

40. Do any of you believe that a prison inmate should automatically be entitled to recover something from prison officials just because the inmate has been the victim of an assault?

41. Has any panel member, relative, or close acquaintance ever been the victim of an assault?

42. Plaintiff has brought this lawsuit claiming that his rights have been violated. Does anyone believe that just because a lawsuit has been brought to trial that this means the defendants are liable for something or that the plaintiff must be entitled to recover some amount of money damages?

43. If the evidence allowed you to find for the defendants, could you return a verdict for the defendants and give the plaintiff nothing.

44. Under the rules of trial, the plaintiff will have the first opportunity to present evidence. The defendants will be permitted to present their evidence after the plaintiff has put on all of his evidence. Is there anyone who does not believe he or she can wait to make a decision in this case until after the defendants have had an opportunity to present their evidence?

45. The defendants have responsibilities with the Department of Corrections, or in their current positions or occupations, which may require them not to be present for the entire trial. Will anyone hold it against a defendant if he or she is not present for the entire trial?

46. There may be occasions where the plaintiff's lawyer or I will object to a question asked because one of us thinks it is improper for some reason. That is part of our job during a trial. It will then be up to the judge to decide whether the question is proper and whether the witness may answer the question. Will any of you hold it against any of the lawyers or any of the parties if objections are made or if the judge decides that a witness should not answer a particular question?

47. Each of us has lived through different events and has experienced unique circumstances in our lives. From the information each of you has learned about this case and the parties involved from the questions we have asked today and from your knowledge of your own particular experiences and personal attitudes, is there anything about this case that makes any of you believe he or she cannot be fair and impartial in this case?

48. In other words, if you were in plaintiff's place or if you were in defendant's place, would you be comfortable with yourself as a juror?

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

*/s/ Ryan Bertels*

Ryan Bertels
Assistant Attorney General
Mo. Bar No. 55167

P.O. Box 899
Jefferson City, MO 65102
Phone No. (573) 751-3321
Fax No. (573) 751-9456

ATTORNEYS FOR DEFENDANTS
ALLEN-WELLS, BRUHN, AND
SWINDLER-THORNE

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2005, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF electronic notification system which sent notification of such filing to the following:

> Phillip Gibson
> Public Interest Litigation Clinic
> 305 East 63rd Street
> Kansas City, MO 64113

/s/ Ryan Bertels
Assistant Attorney General