# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PROSSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 98-6097-CV-SJ-2 |
| | ) | |
| DAVE WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants by and through counsel, submit the attached proposed jury instructions pursuant to this Court's Fourth Amended Scheduling and Trial Order dated April 12, 2005. Defendants reserve the right to submit different instructions or additional instructions in response to the instructions submitted by plaintiffs or in response to the evidence produced at trial. Defendants submission of these instructions is not a waiver of any defense defendants' have.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

*/s/ Ryan Bertels*

Ryan Bertels
Assistant Attorney General
Mo. Bar No. 55167

P.O. Box 899
Jefferson City, MO 65102
Phone No. (573) 751-3321
Fax No. (573) 751-9456

ATTORNEYS FOR DEFENDANTS
ALLEN-WELLS, BRUHN, AND
SWINDLER-THORNE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2005, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF electronic notification system which sent notification of such filing to the following:

Phillip Gibson
Public Interest Litigation Clinic
305 East 63rd Street
Kansas City, MO 64113

_____ */s/ Ryan Bertels* _____
Assistant Attorney General

INSTRUCTION NO. ___

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiff against the defendants. The plaintiff alleges that the defendants violated his Constitutional Rights by failing to protect him from an attack by two inmates at Crossroads Correctional Center. The defendants deny that allegation. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against defendants.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Eighth Circuit Model Instructions, Instruction 1.01

Submitted by Defendants

INSTRUCTION NO. ___

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits and any facts that have been stipulated - that is, formally agreed to by the parties; and any facts that have been judicially noticed - that is facts which I say you must accept as true.

Certain things are not evidence.  I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not show prejudice against an attorney or his client because the attorney has made objections.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be

used.  You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

<u>Eighth Circuit Model Instructions</u>, Instruction 1.02 (modified)

Submitted by Defendants

INSTRUCTION NO. ___

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Eighth Circuit Model Instructions, Instruction 1.03.

Submitted by Defendants

INSTRUCTION NO. ___

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

Eighth Circuit Model Instructions, Instruction 1.04.

Submitted by Defendants

INSTRUCTION NO. ___

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

<u>Eighth Circuit Model Instructions</u>, Instruction 1.05.

Submitted by Defendants

INSTRUCTION NO. ___

The trial will proceed in the following manner:

First, the plaintiff may make an opening statement. Next, the defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for defendants may cross-examine. Following the plaintiff's case, the defendants may present evidence and plaintiff may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Eighth Circuit Model Instructions, Instruction 1.06.

Submitted by Defendants

INSTRUCTION NO. ___

We are about to take our first recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Eighth Circuit Model Instructions, Instruction 2.01.

Submitted by Defendants

INSTRUCTION NO. ____

You have heard evidence that witness Christopher Prosser has been convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

<u>Eighth Circuit Model Instructions</u>, Instruction 2.09.

Submitted by Defendants

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room.

<u>Eighth Circuit Model Instructions</u>, Instruction 3.01.

Submitted by Defendants

INSTRUCTION NO. ___

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.

During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

Eighth Circuit Model Instructions, Instruction 3.02.

Submitted by Defendants

INSTRUCTION NO. ___

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Eighth Circuit Model Instructions, Instruction 3.03.

Submitted by Defendants

INSTRUCTION NO. ___

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. In this case the burden of proof is on plaintiff. The party who has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Eighth Circuit Model Instructions, Instruction 3.04 (modified)

Submitted by Defendants

INSTRUCTION NO. ___

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  The form reads:  (read form).  You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.


Eighth Circuit Model Instructions, Instruction 3.06.

Submitted by Defendants

INSTRUCTION NO. ____

In deliberating upon this case it is your duty to decide first whether or not under all the facts and circumstances in evidence, and under the instructions of the court, plaintiff is entitled to recover against defendants. Until this question has been determined by you, you have no right to consider the amount, if any, of plaintiff's damages.

Cf. Sections 71.16, 74.02, Devitt & Blackmar, <u>Federal Jury Practice & Instructions</u>

Submitted by Defendants

INSTRUCTION NO. ____

The fact that I will instruct you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your findings in this case. Instructions as to the measure of damages are given only for your guidance and for your use only in the event that you should find in favor of the plaintiff by a preponderance of the evidence on the question of liability and in accord with the other instructions.

Devitt & Blackmar, *Federal Jury Practice and Instructions*, Vol. 2, § 74.02 (modified)

Submitted by Defendants

INSTRUCTION NO. ____

If you find in favor of plaintiff, then you must award plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of the failure to protect on June 11, 1997.

Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy.

Eighth Circuit Model Instructions, Instruction 4.50A (modified)

Submitted by Defendants

INSTRUCTION NO. _____

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to give as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff and against any defendant and if you find by the preponderance of the evidence that the conduct for which you have found that defendant liable was motivated by evil motive or intent, or that that defendant was recklessly and callously indifferent to plaintiff's rights, then, in addition to any other damages to which you find plaintiff entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish that defendant or deter that defendant and others from like conduct in the future. Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

Should you choose to award punitive damages, in fixing the amount you must take into consideration the character and the degree of the wrong committed as shown by the evidence and the necessity of preventing similar wrongs in the future.

The amount of punitive damages, if awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

<u>Eighth Circuit Model Instructions</u>, Instruction 4.50C (modified)

*Pacific Mut. Life Ins. Co. v. Haslip,* 111 S.Ct. 1032 (1991)

*Jordan v. Clayton Brokerage Co.,* 975 F.2d 539 (8th Cir. 1992)

Submitted by Defendants

INSTRUCTION NO. ____

Although there are several defendants in this action, it does not follow from that fact alone that if one is liable, all are liable. Each defendant is entitled to a fair consideration of his or her own defense, and is not to be prejudiced by any finding you might make against the others.

Section 71.07, Vol. 2, Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u> (modified)

Submitted by Defendants

INSTRUCTION NO. _____

Your verdict must be for plaintiff Christopher Prosser, and against defendant Meredith Allen-Wells if plaintiff proves to you by the preponderance of the evidence all of the following elements:

First, defendant Meredith Allen-Wells allowed Steve Ragan and Eddie Williams into open contact with plaintiff on June 11, 1997, in Housing Unit 5 of Crossroads Correctional Center; and

Second, inmates Steve Ragan and Eddie Williams stabbed plaintiff at that time; and

Third, defendant Meredith Allen-Wells was aware of a substantial risk of this attack; and

Fourth, defendant Meredith Allen-Wells, with deliberate indifference to plaintiff's need to be protected from this attack, failed to take reasonable action within her power to protect plaintiff from Steve Ragan and Eddie Williams; and

Fifth, as a direct result, plaintiff was damaged.

If plaintiff fails to prove to you any of the above elements by the preponderance of the elements, then your verdict must be for defendant Meredith Allen-Wells.


Eighth Circuit Model Instructions, Instruction 4.32 (modified)

Submitted by Defendants

INSTRUCTION NO. _____

Your verdict must be for plaintiff Christopher Prosser, and against defendant Kimberly Swindler-Thorne if plaintiff proves to you by the preponderance of the evidence all of the following elements:

First, defendant Kimberly Swindler Thorne allowed Steve Ragan and Eddie Williams into open contact with plaintiff on June 11, 1997, in Housing Unit 5 of Crossroads Correctional Center; and

Second, inmates Steve Ragan and Eddie Williams stabbed plaintiff at that time; and

Third, defendant Kimberly Swindler-Thorne was aware of a substantial risk of this attack; and

Fourth, defendant Kimberly Swindler-Thorne, with deliberate indifference to plaintiff's need to be protected from this attack, failed to take reasonable action within her power to protect plaintiff from Steve Ragan and Eddie Williams; and

Fifth, as a direct result, plaintiff was damaged.

If plaintiff fails to prove to you any of the above elements by the preponderance of the elements, then your verdict must be for defendant Kimberly Swindler-Thorne.


Eighth Circuit Model Instructions, Instruction 4.32 (modified)

Submitted by Defendants

INSTRUCTION NO. _____

Your verdict must be for plaintiff Christopher Prosser, and against defendant Victor Bruhn if plaintiff proves to you by the preponderance of the evidence all of the following elements:

First, defendant Victor Bruhn allowed Steve Ragan and Eddie Williams into open contact with plaintiff on June 11, 1997, in Housing Unit 5 of Crossroads Correctional Center; and

Second, inmates Steve Ragan and Eddie Williams stabbed plaintiff at that time; and

Third, defendant Victor Bruhn was aware of a substantial risk of this attack; and

Fourth, defendant Victor Bruhn, with deliberate indifference to plaintiff's need to be protected from this attack, failed to take reasonable action within his power to protect plaintiff from Steve Ragan and Eddie Williams; and

Fifth, as a direct result, plaintiff was damaged.

If plaintiff fails to prove to you any of the above elements by the preponderance of the elements, then your verdict must be for defendant Victor Bruhn.


Eighth Circuit Model Instructions, Instruction 4.32 (modified)

Submitted by Defendants

INSTRUCTION NO. ____

Deliberate indifference is established only if plaintiff proves that a defendant had actual knowledge of a substantial risk that inmates Ragan and Williams were going to attack plaintiff on June 11, 1997, and that that defendant consciously disregarded that risk by intentionally refusing or failing to take reasonable measures to protect plaintiff. Mere negligence or inadvertence does not constitute deliberate indifference. A defendant must both be aware of the facts from which the conclusion could be drawn that an excessive risk of harm to plaintiff's physical well-being existed and the defendant must also draw the conclusion. A defendant's failure to alleviate a substantial risk of harm to the plaintiff's physical well-being which he should have known of, but did not have actual knowledge of, does not establish deliberate indifference.

Eighth Circuit Model Instructions, Instruction 4.44 (modified).

Perkins v. Grimes, 151 F.3d 1127, 1140 (8th Cir. 1998)

*Farmer v. Brennan*, 114 S.Ct. 1970 (1994)

Submitted by Defendants

INSTRUCTION NO. ____

The mere fact that plaintiff may have sustained an injury or damages does not, by itself, establish that plaintiff is entitled to a verdict against defendants. Considering the nature and backgrounds of the types of inmates housed in maximum security prisons, corrections officers cannot guarantee the safety of all prisoners and, under the law, are not required to do so.

*King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993)

Submitted by Defendants

# **VERDICT**

**NOTE**: Complete this form by writing in the names required by your verdict.


On plaintiff Christopher Prosser's claim against defendant Meredith Allen-Wells, as submitted in Instruction No. ___, we, the jury, unanimously find in favor of:


_____

(Plaintiff Christopher Prosser)         or         (Defendant Meredith Allen-Wells)


On plaintiff Christopher Prosser's claim against defendant Kimberly Swindler-Thorne, as submitted in Instruction No. ___, we, the jury, unanimously find in favor of:


_____

(Plaintiff Christopher Prosser)         or         (Defendant Kimberly Swindler-Thorne)


On plaintiff Christopher Prosser's claim against defendant Victor Bruhn, as submitted in Instruction No. ___, we, the jury, unanimously find in favor of:


_____

(Plaintiff Christopher Prosser)         or         (Defendant Victor Bruhn)

**NOTE:**     Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff.

We, the jury, unanimously assess Plaintiff Prosser's damages to be:

$_____ (stating the amount or, if none, write the word "none")

**NOTE:**     You may not award punitive damages against any defendant unless you have first found against that defendant and awarded plaintiff actual damages.

We, the jury, unanimously assess punitive damages against defendant Meredith Allen-Wells as follows:

$ _____ (stating the amount or, if none, write the word "none")

We, the jury, unanimously assess punitive damages against defendant Kimberly Swindler-Thorne as follows:

$ _____ (stating the amount or, if none, write the word "none")

We, the jury, unanimously assess punitive damages against defendant Victor Bruhn as follows:

$ _____ (stating the amount or, if none, write the word "none")

_____

FOREPERSON


Dated: _____


<u>Eighth Circuit Model Instructions</u>, Instruction 4.60 (modified).

Submitted by Defendants