# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| **CHRISTOPHER PROSSER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | No. 98-6097-CV-SJ-FJG |
| ) | |
| **VICTOR BRUHN, ET AL.,** ) | |
| ) | |
| **Defendants.**) | |

## RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW the Plaintiff, by counsel, to show cause why Plaintiff's Complaint should not be dismissed with prejudice for failure to comply with the Court's order of March 7, 2006, by alleging and stating that:

1. On March 6, 2006, counsel for plaintiff requested a continuance of the trial of this matter because of his inability to prepare this case for trial on the April accelerated docket. Some reasons were offered in the motion, but they were far from comprehensive. The most significant issue preventing active, effective, and aggressive trial preparation in this matter is the fact that the plaintiff is incarcerated more than 250 miles away from his attorney and effective communication between attorney and client by phone and in person has been extremely difficult in recent months. This has been due in large measure to counsel's inability to leave the Kansas City area since early January due to personal issues regarding his daughter. It is with great reluctance that

those issues are detailed in a footnote.[1]

Suffice it to say however, that the lack of preparation for an April trial is in no way the fault of the plaintiff. For his part, he has been anxious about counsel's preparation for trial in this matter for many weeks and has been understanding because of the unusual circumstances as much as he could possibly be.

The circumstances that have kept counsel unable to travel outside the area have abated and if permitted to try this matter sometime during the summer of 2006 with a special setting, counsel can be prepared to fairly and completely present plaintiff's claims for relief.

2. Although denying the request for a continuance and special setting, the court granted counsel's request for leave to submit an amended witness and exhibit list. The deadline imposed by the Court in its March 8 order was March 14, 2006. This deadline could not be met by counsel because of his inability to have meaningful consultation with the plaintiff on those matters in the few days immediately preceding that deadline. There was no intention on the part of either plaintiff or his attorney to ignore or violate the Court's order. Counsel for plaintiff simply did not have time to do what the Court

---

[1] Counsel's daughter has been hospitalized at Research and St. Luke's off and on for several weeks during the first three months of 2006 due to repeated suicide attempts. Due to her unstable condition and the nature of her treatment, counsel was advised by her physicians to stay close to home making prison visits to Bowling Green and other distant locations impossible.

granted him leave to do. Plaintiff has had witness and exhibit lists on file for some time. Clearly, they will be most useful to the court and litigants if they can be amended, but if an amendment is permitted only if it takes place prior to 4:00 p.m. on March 14, 2006, they will have to stand as they have been filed.

3. Counsel means no disrespect to the Court. Counsel understands and appreciates the difficulty in managing the issues involved in getting cases ready to be heard on this April docket. Counsel also appreciates the "age" of this case and the importance of bringing it to disposition. But counsel also wants to provide effective representation for the plaintiff who counsel believes has meritorious claims and who deserves an attorney who is fully prepared and not handicapped by the personal challenges he has faced in recent months. A brief delay in the trial of this matter will permit all of those competing interests to be met.

WHEREFORE, prays that the Court not dismiss plaintiff's cause of action, but rather permit it to be litigated in a special setting in the early summer of 2006.

Respectfully submitted,

/s/ Phillip R. Gibson
Phillip R. Gibson, #28610
THOMASON & GIBSON LLC
1200 N.W. South Outer Rd.
Blue Springs, MO 64015
816.228.0505 / 816.228.0509 fax
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Ryan Bertels, Assistant Missouri Attorney General.

                                        s/ Phillip R. Gibson
                                        _____
                                        *Counsel for Plaintiff*