# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTOPHER PROSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 98-6097-CV-SJ-FJG |
| ) | |
| VICTOR BRUHN, ET AL., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S AMENDED JURY INSTRUCTIONS

Plaintiff has previously filed jury instructions with the Court, but amends those instructions as follows: Plaintiff, by counsel, agrees with and acquiesces to the use of the jury instructions submitted by the Defendants in this action that were filed on August 12, 2005, with the following exceptions noted below:

1. The definition of "deliberate indifference" instruction offered by Defendants (appearing on page 29 of 33 in PACER) is objected to as not being in compliance with Eighth Circuit Model Instructions and not a correct statement of the applicable law. Plaintiff offers an alternative "deliberate indifference" definition instruction herein.

2. The "actual damages" instruction offered by Defendants (appearing on page 22 of 33 in PACER) which generally follows Instruction 4.50A of the Eighth Circuit Model Instructions has been modified in a manner inconsistent with the purposes of the model instruction. Plaintiff offers an alternative "actual damages" instruction herein.

3. Defendants did not offer a "nominal damages" instruction. Plaintiff offers such an instruction.

4. The instruction offered by Defendants appearing on page 30 of 33 in PACER is objected

to by Plaintiff as not being included in the Eighth Circuit Model Instructions for this type of claim, is an inaccurate and incomplete statement of law, and is superfluous in light of the accurate and complete statements of law found in the verdict directing instructions offered by Plaintiff in addition to the "deliberate indifference" instruction offered by Plaintiff, both of which are included in the Eighth Circuit Model Instructions.

     5. The "verdict directing" instructions offered by Defendants (appearing on pages 26 through 28, inclusive, in PACER) are objected to as not being in compliance with Eighth Circuit Model Instructions and not a correct statement of the applicable law. Plaintiff offers alternative "verdict directors" herein.

     6. The "form of verdict" instruction offered by Defendants (appearing on pages 31 through 33, inclusive, in PACER) are objected to because they would seem to require a unanimous verdict of the jury. Plaintiff offers an alternative "form of verdict" instruction herein.

/s/ Phillip R. Gibson
Phillip R. Gibson, #28610
THOMASON & GIBSON LLC
1200 N.W. South Outer Rd., Suite 110
Blue Springs, MO 64015
816.228.0505 / 816.228.0509 fax
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

     I hereby certify that on October 15, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Ryan Bertels, Assistant Missouri Attorney General. A copy of the foregoing was emailed to Mr. Bertels on the evening of October 15, 2006.

s/ Phillip R. Gibson
*Counsel for Plaintiff*

INSTRUCTION NO. _____

Deliberate indifference is established only if there is actual knowledge of a substantial risk that Plaintiff was going to be attacked by other inmates, and if the Defendants disregarded that risk by intentionally refusing or failing to take reasonable measures to deal with the problem. Mere negligence or inadvertence does not constitute deliberate indifference.

Eighth Circuit Model Instructions, Instruction 4.44

Submitted by Plaintiff

INSTRUCTION NO. _____

If you find in favor of plaintiff under Instruction _____, but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of One Dollar ($1.00).

Eigth Circuit Model Instructions, Instruction 4.50B

Submitted by Plaintiff

INSTRUCTION NO. _____

If you find in favor of plaintiff, then you must award plaintiff such sum as you find from the greater weight of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the failure to protect plaintiff. You should consider the following elements of damages:

    1. The physical pain and mental and emotional suffering the plaintiff has experienced and is reasonably certain to experience in the future); the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total;

    2. The reasonable value of the medical care and supplies reasonably needed by and actually provided to the plaintiff and reasonably certain to be needed and provided in the future.

Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy.

<u>Eighth Circuit Model Instruction</u>, Instruction 4.50A

Submitted by Plaintiff

INSTRUCTION NO. _____

Your verdict must be for plaintiff Christopher Prosser and against defendant Victor Bruhn if all the following elements have been proved by the greater weight of the evidence:

*First*, two inmates stabbed and kicked plaintiff, and

*Second*, defendant Victor Bruhn was aware of the substantial risk of such attack; and

*Third*, defendant Victor Bruhn, with deliberate indifference to plaintiff's need to be protected from attack by other inmates, failed to protect plaintiff; and

*Fourth*, as a direct result, plaintiff was damaged, and

If any of the above elements has not been proven by the greater weight of the evidence, then your verdict must be for defendant Victor Bruhn.


Eighth Circuit Model Instructions, Instruction 4.32

Submitted by Plaintiff

INSTRUCTION NO. _____

Your verdict must be for plaintiff Christopher Prosser and against defendant Meredith Allen-Wells if all the following elements have been proved by the greater weight of the evidence:

*First*, two inmates stabbed and kicked plaintiff, and

*Second*, defendant Meredith Allen-Wells was aware of the substantial risk of such attack; and

*Third*, defendant Meredith Allen-Wells, with deliberate indifference to plaintiff's need to be protected from attack by other inmates, failed to protect plaintiff; and

*Fourth*, as a direct result, plaintiff was damaged, and

If any of the above elements has not been proven by the greater weight of the evidence, then your verdict must be for defendant Meredith Allen-Wells.

Eighth Circuit Model Instructions, Instruction 4.32

Submitted by Plaintiff

INSTRUCTION NO. _____

Your verdict must be for plaintiff Christopher Prosser and against defendant Kimberly Swindler-Thorne if all the following elements have been proved by the greater weight of the evidence:

First, two inmates stabbed and kicked plaintiff, and

Second, defendant Kimberly Swindler-Thorne was aware of the substantial risk of such attack; and

Third, defendant Kimberly Swindler-Thorne, with deliberate indifference to plaintiff's need to be protected from attack by other inmates, failed to protect plaintiff; and

Fourth, as a direct result, plaintiff was damaged, and

If any of the above elements has not been proven by the greater weight of the evidence, then your verdict must be for defendant Kimberly Swindler-Thorne.

Eighth Circuit Model Instructions, Instruction 4.32

Submitted by Plaintiff

## VERDICT

**Note:** Complete this form by writing in the names required by your verdict.

On plaintiff Christopher Prosser's claim against defendant Victor Bruhn, as submitted in Instruction No. _____, we find in favor of

_____
(Plaintiff Christopher Prosser) or    (Defendant Victor Bruhn)

On plaintiff Christopher Prosser's claim against defendant Kimberly Swindler-Thorne, we find in favor or

_____
(Plaintiff Christopher Prosser)    or    (Defendant Kimberly Swindler-Thorne)

On plaintiff Christopher Prosser's claim against defendant Meredith Allen-Wells, we find in favor of

_____
(Plaintiff Christopher Prosser) or    (Defendant Meredith Allen-Wells)

**Note:** Complete the follow paragraphs only if one or more of the above findings is in favor of plaintiff.

We find plaintiff Christopher Prosser's damages to be:

$_____ (stating the amount, or, if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

**Note:** You may not award punitive damages against any defendant unless you have first found against that defendant and awarded plaintiff nominal or actual damages.

We assess punitive damages against defendant Meredith Allen-Wells as follows:

$_____ (stating the amount, or if none, write the word "none").

Dated: _____        _____
                                                Foreperson