# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTOPHER PROSSER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 98-6097-CV-SJ-FJG |
| DAVE WILLIAMS, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Pending before the Court are (1) Defendant Wells' Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for New Trial (Doc. No. 415); and (2) Plaintiffs' [sic] Motion for an Order Awarding Attorneys' Fees and Costs (Doc. No. 414). These motions will be considered below.

I. <u>Defendant Wells' Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for New Trial (Doc. No. 415)</u>

Defendant moves for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. Defendant also moves for a conditional grant of a new trial, pursuant to Rule 50(c)(1), and for a new trial pursuant to Rule 59(a).

After considering defendant Wells' motion (Doc. No. 415), plaintiff's response (Doc. No. 423), defendant Wells' reply (Doc. No. 424), and the record in this matter, the Court finds that defendant's motion (Doc. No. 415) should be **DENIED.**

II. <u>Plaintiff's Motion for an Order Awarding Attorneys' Fees and Costs (Doc. No. 414)</u>

Plaintiff is seeking attorneys' fees and costs in the total amount of $36,311.38. Plaintiff notes that 42 U.S.C. § 1988(b) provides that "In any action or proceeding to

enforce a provision of section . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1997e(d) provides in relevant party that:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that–
>
> > (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
> >
> > (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
> >
> > (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel.
>
> (4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

Plaintiff's counsel indicates that plaintiff has incurred a lodestar amount[1] of $32,584.50 in attorney's fees, and $3,726.88[2] in costs in this action. Plaintiff's counsel states the fees were directly and reasonably incurred in proving an actual violation of plaintiff's rights, and the amount of fee is proportional to the amount of the jury's verdict ($25,000.00). Plaintiff's counsel further notes the fees requested are not based on an hourly rate greater than 150 percent of the CJA hourly rate, as counsel's rate between the date of appointment and August 30, 2005, was set at $90.00 per hour, and counsel's rate between August 31, 2005 to the present is $135.00 per hour. Counsel notes that if the Court ordered plaintiff to pay 25% of counsel's fees and expenses from the damages awarded to him, defendant's responsibility would be 75% of $36,311.38, or $27,233.53.[3]

Defendant Wells opposes plaintiff's motion. While she notes that plaintiff is entitled to recover some costs against her as he prevailed on his claims against her at trial, defendant Wells states that plaintiff's motion seeks to recover costs and fees related to

---

[1] The United States Supreme Court has recognized that most useful "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This result is the lodestar figure and is presumed to reflect the reasonable fee. See City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

[2] The Court notes that this calculation by plaintiff's counsel does not appear to be accurate. As calculated by the Court, the costs/disbursements noted on pages 14-16 of Doc. No. 414 total $3,774.52.

[3] The Court notes that this calculation does not appear to be accurate pursuant to 42 U.S.C. § 1997e(d)(2), as that statute does not direct plaintiff to be responsible for 25 percent of the attorney's fees. Instead, pursuant to that portion of the statute, a portion of the judgment not to exceed 25 percent, shall be applied to satisfy the attorney the amount of attorney's fees. Twenty-five percent of the judgment amount ($25,000.00) is $6,250.00. Plaintiff, therefore, cannot be held responsible for payment of an amount greater than $6,250.00 in attorney's fees out of the judgment amount.

3

plaintiff's claims against other defendants, which he did not prevail on at trial. In particular, defendant Wells notes the following expenses which she believes are related <u>only</u> to the claims against defendants Bruhn and Swindler Thorne:

* November 30, 2004: $477 for preparation for depositions of Swindler-Thorne and Bruhn;

* A portion of the December 1, 2004 entry of $1,107 relating to travel and the depositions of Swindler-Thorne and Bruhn;

* A portion of the December 2, 2004 entry of $855, as part of the entry is for "Conf with AUSA; preparation of county jail," entries which do not appear to be related to the present matter;

* April 13, 2005: $108 for preparation for Lisa Jones deposition;

* April 27, 2005: $90 for Lisa Jones deposition;

* All entries related to review of and response to defendant Bruhn's motion for summary judgment, specifically:

    * April 29, 2005: $135 for review and research regarding motion;

    * A portion of May 4, 2005 entry of $216 for "Research re suggestions in opposition to motion for summary judgment";

    * May 12, 2005: $135 for "Review file and draft response to motion for summary judgment";

    * May 24, 2005: $225 for "Preparation of response to motion for summary judgment";

    * May 28, 2005: $279 for "Draft suggestions in opposition to motion for summary judgment";

    * May 30, 2005: $198 for "Draft suggestions in opposition to motion for summary judgment";

    * May 31, 2005: $540 for "Draft suggestions in opposition to motion for summary judgment; draft motion for extension of time to file";

    * June 15, 2005: $540 for "Final preparation of suggestions in opposition to motion for summary judgment (Bruhn)";

4

* June 30, 2005: $360 for "Review reply suggestions from Bertels; research re same; draft response";

With respect to costs, defendant Wells indicates that plaintiff is not entitled to:

* A portion of the December 15, 2004 Disbursement of $1,103.75, as it relates to the deposition transcripts of Swindler-Thorne and Bruhn;

* April 27, 2005: Disbursement of $339.22 for expenses related to deposition of Lisa Jones.

Altogether, defendant Wells argues that plaintiff's costs and fees should be reduced by $3,765.44[4] "plus an undetermined portion of the total sum of $3,281.75."[5]

Defendant Wells also argues that, after subtracting fees that are attributable solely to claims against Bruhn and Swindler-Thorne, plaintiff's fees should be reduced by two-thirds, as plaintiff did not prevail on his claims against two of the three defendants at trial. Defendant Wells indicates that thirty-three percent of $32,545.94 ($36,311.38 minus $3,765.44) is $10,740.16. Defendant Wells then states that 25 percent of $10,740.16 (or $2,685.04) should be paid by plaintiff out of the judgment recovered against defendant Wells, leaving defendant Wells responsible for only $8,055.12 in fees and costs.

Plaintiff replies, indicating that a reduction in the amount of fees and expenses as proposed by defendant Wells would be unfair and unjustified given the unique circumstances of this case. As noted by plaintiff, counsel was appointed by the Court to

---

[4]The Court has reviewed the amounts provided by defendant Wells, and notes that defendant's addition appears to be incorrect. This amount should be $3,426.22.

[5]The Court notes that plaintiff did not attempt, in reply, to separate or apportion the amounts attributable to work on defendant Wells' case as opposed to work on defendants Swindler-Thorne and Bruhn. Therefore, in considering the reasonable amount of attorney's fees, the Court will consider the entire amount of $3,281.75 as not compensable by defendant Wells.

5

represent plaintiff pro bono, and by the time counsel had been appointed, counsel had no choice but to accept the posture of the case as it was and litigate the claims against the remaining three defendants. Counsel also indicates that the presence of the other two defendants in this suit prevented defendant Wells from asserting that her failure to protect was not the legal cause of plaintiff's injuries, and instead his injuries were due to the fault of defendants Bruhn and Swindler Thorne. Further, counsel indicates that because the three defendants were all represented by the same attorneys, it was difficult to uncover the individual interests and positions of each of the individual defendants. Counsel indicates the hours and expenses incurred keeping all three defendants in the courtroom made it more likely that plaintiff could prevail against one of them.

After considering the arguments made by the parties, the Court finds that plaintiff is entitled to attorney's fees in the amount of **$27,319.50**. The Court has reached this figure by subtracting $5,265.00[6] from the total amount of attorney's fees requested ($32,584.50). The Court will not further reduce the fees by two-thirds, as requested by defendant Wells, as although plaintiff did not succeed on all of his claims against all parties, plaintiff had a substantial degree of success, and the Court agrees that the presence of the other defendants made it more likely that plaintiff would achieve this degree of success. Further, given that counsel only became involved in this matter after several years had already passed, this Court agrees with counsel that reducing his already-reasonable fee by two-

---

[6]This amount is the total amount of fees that defendant Wells identified as directly attributable to the claims against defendants Swindler-Thorne and Bruhn, as discussed on pp. 3-5 of this Order. These amounts are: $3,087.00 in attorney's fees identified as solely related to Swindler-Thorne and Bruhn, and $2,178.00 in attorney's fees identified as a portion related to Swindler-Thorne and Bruhn.

thirds would be unfair.  Therefore, counsel is awarded **$27,319.50** in attorney's fees.

With respect to costs and disbursements, the Court first must reduce plaintiff's request by $1,442.97, the amount attributable to the claims against Swindler-Thorne and Bruhn.  Further, plaintiff has lumped together expenses that ought to be considered "out-of-pocket expenses" under 42 U.S.C. § 1988 with items that ought to be considered "costs" as that term is used in 28 U.S.C. § 1920.  Plaintiff's counsel is entitled to out-of-pocket expenses for:  travel (plaintiff requested $1,593.26 in mileage and airline expenses not already deducted, as well as $55.70 in meal expenses not already deducted, and $280.21 in lodging), telephone calls ($3.42 total), and postage ($13.60 total). Therefore, plaintiff's counsel is awarded out-of-pocket expenses in the amount of **$1,946.19**.  Plaintiff's counsel is entitled to costs for:   photocopies ($26.96), and transcripts not already deducted as attributable to Swindler-Thorne and Bruhn ($358.40).  Therefore, plaintiff's counsel is awarded costs in the amount of **$385.36**.

In conclusion, counsel's motion for attorney's fees and costs (Doc. No. 414) is **GRANTED.**  Counsel is awarded reasonable fees, out-of-pocket expenses and costs in the total amount of  **$29,651.05**.  The Court **ORDERS** plaintiff to pay $6,250.00 (25% of the judgment amount) out of the damages awarded to him.  Defendant Wells' responsibility for plaintiff's attorney's fees and costs, therefore, is **$23,401.05**.

**IT IS SO ORDERED.**

 /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:    January 30, 2007
Kansas City, Missouri